UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELDORADO BROWN,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | CASE NO. 2:26-cv-01528-LK<br><br>ORDER GRANTING MOTION TO REMAND, DENYING MOTION TO SUPPLEMENT COMPLAINT, AND DENYING ALL OTHER PENDING MOTIONS |

This matter comes before the Court on Plaintiff Eldorado Brown's "motion to allow Plaintiff access to accounts," Dkt. No. 13, motion requesting "the court to order defendants to pay a debt bill sent to collections," Dkt. No. 15, motion asking for access to his accounts and for the Court to order "defendants" to pay a "debt bill," Dkt. No. 17, and Motion and Notice to Add Supplemental Complaint, Dkt. No. 33; and on Defendant Wells Fargo's Motion to Remand, Dkt. No. 22, and Motion to Stay Pending Resolution of Motion to Remand, Dkt. No. 27. For the reasons set forth below, the Court grants the motion to remand and denies all other motions.

## I. BACKGROUND

Pro se Plaintiff Eldorado Brown, who is incarcerated in state prison, filed a complaint against Wells Fargo in King County Superior Court on April 9, 2026, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA"), and negligence. Dkt. No. 1-2 at 1–2. Wells Fargo timely removed the case to this Court, asserting federal question jurisdiction based on the ADA claim and supplemental jurisdiction over the negligence claim. Dkt. No. 1 at 2–3.

Wells Fargo then filed a motion to dismiss, Dkt. No. 7, and Brown filed a timely amended complaint on June 1, 2026, Dkt. No. 12. In the amended complaint, Brown no longer alleges violations of the ADA or any other federal laws, and he seeks $3,000, reissuance of his debit card, and other unspecified monetary damages for breach of contract, negligence, outrage, and "strict liability." *See generally id.*; *id.* at 16. Brown also filed a "motion to allow Plaintiff access to accounts," Dkt. No. 13, a motion requesting "the court to order defendants to pay a debt bill sent to collections," Dkt. No. 15, and a third motion asking for access to his accounts and for the Court to order "defendants" to pay a "debt bill," Dkt. No. 17.

Wells Fargo then filed a motion to remand, arguing that the Court lacked subject matter jurisdiction over the case because the amended complaint no longer contained a federal cause of action and Wells Fargo did not believe the amount in controversy exceeded the $75,000 required for diversity jurisdiction. Dkt. No. 22 at 2. It also filed a motion to stay proceedings pending resolution of its motion to stay. Dkt. No. 27.

On July 8, 2026, Brown filed the present motion seeking to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. No. 33. The proposed supplemental complaint alleges $92,000 as the "fico score damage amount." *Id.* at 8.

## II. DISCUSSION

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the action filed in state court. 28 U.S.C. § 1441(a). Because Brown's original complaint contained alleged violations of federal law, removal to this Court was appropriate. *See* Dkt. No. 1-2 at 2–3. However, "[w]hen a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). The operative complaint in this case is Brown's first amended complaint filed on June 1, 2026. Dkt. No. 12. It lacks a federal cause of action, clearly fails to establish any basis for an amount in controversy exceeding $75,000, and does not plead citizenship of the parties. *See generally id.* Therefore, the Court lacks jurisdiction over the operative complaint.

Brown's proposed supplemental complaint does not include a federal cause of action but appears to assert diversity jurisdiction based on $92,000 in damages. Dkt. No. 33-1 at 8. Federal Rule of Civil Procedure 15(d) permits supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "[T]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend." *Ereikat v. Michael & Assocs., PC*, No. 14-CV-05339-JSC, 2015 WL 4463653, at *6 n.5 (N.D. Cal. July 21, 2015). The Court may deny leave after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." O*wens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)); *see also Cribier v. Compass, Inc.*, No. 3:25-cv-01833-RBM-VET, 2026 WL 2280654, at *2 (S.D. Cal. Aug. 7, 2026) ("[D]istrict courts have broad discretion in deciding whether to allow a supplemental pleading." (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988))). Although the "general rule" is that

leave to amend should be "freely given when justice so requires," when "the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see* Fed. R. Civ. P. 15(a)(2).

As Wells Fargo notes in its response to Brown's motion to supplement,

> [C]ontinued amendment is causing Wells Fargo undue prejudice, as Plaintiff continues to move the goal posts as to the nature and basis of his claims, resulting in continued multiplication of this litigation. Indeed, Plaintiff initiated this action alleging claims for violations of the Americans with Disabilities Act ("ADA") and common law negligence. [ECF No. 1-2.] To avoid dismissal following Wells Fargo's filing its Motion to Dismiss for Failure to State a Claim [ECF No. 7], Plaintiff filed an Amended Complaint, whereby he removed his ADA claim, and instead, asserted claims for tortious breach of duty, strict liability, breach of contract/ breach of the covenant/ breach of warranty, negligence, and outrage. [ECF No. 12.] This resulted in Wells Fargo's filing a Motion to Remand [ECF No. 22], notifying the Court that it appeared the Court no longer had jurisdiction over this action because Plaintiff was no longer asserting claims for violations of the ADA or any other federal law, nor was it evident from the face of the Amended Complaint that the amount in controversy exceeds $75,00, sufficient to confer diversity jurisdiction. [ECF No. 22.]
>
> In response, in an apparent effort to avoid remand, Plaintiff now files the Motion to [Supplement], alleging an amount in controversy exceeding $75,000[.]

Dkt. No. 37 at 2–3.[1] Although "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," the party invoking the court's jurisdiction still bears the burden of "alleg[ing] with sufficient particularity the facts creating jurisdiction" and of "support[ing] the allegation" if challenged. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 288 (1938). Good faith is not present "when independent facts show that the damages amount claimed is manifestly incredible, or obviously has been inflated by the plaintiff merely to secure federal jurisdiction." 14B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3712 (5th ed. April 2026 Update); *see also Thomas v. Generac Power Sys. Inc.*, No. 21-12997, 2022 WL 4091735, at *2 (11th Cir. Sept. 7, 2022) (a court may conclude to a legal certainty that the

[1] While Wells Fargo does not oppose Brown's motion to supplement his complaint, Dkt. No. 37, it has not withdrawn its motion to remand, Dkt. No. 22.

jurisdictional amount has not been met where "the amount of claimed damages has been projected beyond the amount of a reasonable expectation of recovery"). Accordingly, "[c]ourts routinely reject conclusory, unsupported statements regarding alleged amounts in controversy." *Gigi's, Inc. v. Gina Butler*, No. CV2003134ABPJWX, 2020 WL 5498069, at *2 (C.D. Cal. June 23, 2020) (citation modified) (collecting cases); *see also*, *e.g.*, *Berrocal v. Samsung Elecs. Co.*, No. 25-50259, 2025 WL 3488842, at *3 (5th Cir. Dec. 4, 2025) (it was "apparent to a legal certainty" that plaintiff's claim was for less than the jurisdictional amount where plaintiff implausibly alleged that a $2,500 refrigerator breaking generated $50,000 in damages); *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42–43 (1st Cir. 2012) (plaintiff's allegation that the amount in controversy was "at least $1,000,000" did not qualify as sufficient particularity where he provided no substantiation for the sum other than "bald statements and round numbers").

Underscoring the apparent lack of good faith motivating Brown's motion to supplement his complaint is his apparent aim to "bring[] the value of claim to over $75,000^{00}$ $[.]" Dkt. No. 33-1 at 2. Brown asserts in his proposed supplemental complaint that Wells Fargo's "fail[ure] to notify Plaintiff of debit card deactivation and give Plaintiff notice to notify creditors with reoccurring payments Plaintiff receives notice from debit collectors McCarthy Bursels Wolft . . . in the amount of 66.43 $ fair isaac corporation score Leading to additional Damages since the date the original complaint was filed fico score damage $92,000^{00}$ $[.]" Dkt. No. 33-1 at 5–6. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Brown makes no attempt to explain, nor can the Court imagine, how a $66.43 bill being sent to collections caused $92,000 of "fico score damage" in the three- to four-month span between the filing of his original

complaint and his motion to supplement that complaint. "[T]he 'sufficient particularity' standard requires something more than a plaintiff's conclusory statements." *Abdel-Aleem*, 665 F.3d at 45.

Because Brown's proposed supplemental complaint does not establish subject matter jurisdiction, it would be futile to allow him to supplement his pleading. Accordingly, his motion to supplement is denied. Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because neither federal question nor diversity jurisdiction exists in this case, the Court must remand it to state court.

## III. CONCLUSION

For the reasons stated above, the Court DENIES Brown's motion to supplement his complaint, Dkt. No. 33, GRANTS Wells Fargo's motion to remand, Dkt. No. 22, and DENIES as moot all other motions, Dkt. Nos. 13, 15, 17, 27. The Court accordingly ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County, Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 25th day of August, 2026.

Lauren King
United States District Judge